IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JAMES GILBERT WOODSON,

        Plaintiff,

v.                                    CIVIL ACTION NO.  5:07-cv-00141

J. D. HUPPENTHAL, et al.,

        Defendants.

**MEMORANDUM OPINION**

By Standing Order entered on August 1, 2006, and filed in this case on March 7, 2007, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation (PF&R). However, on January 8, 2008, the above reference was withdrawn and this case was then referred to United States Magistrate Judge R. Clarke VanDervort for submission of the PF&R. Magistrate Judge VanDervort filed his PF&R on February 28, 2008 [Docket 34]. In that filing, the magistrate judge recommended that this Court grant Defendants' Motions to Dismiss, or in the alternative, for Summary Judgment [Dockets 12, 16, and 18], dismiss Plaintiff's Complaint [Docket 1], and remove this matter from the Court's docket.

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this

Court need not conduct a *de novo* review when a petitioner "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Here, objections to Magistrate Judge VanDervort's PF&R were due by March 14, 2008, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Plaintiff timely filed objections to the PF&R on March 12, 2008 [Docket 36].

## I. BACKGROUND

The full factual and procedural history of this action is set forth in the PF&R. In short, Plaintiff, *pro se*,[1] brings the instant action pursuant to 42 U.S.C. § 1983 based on his claims that while he was incarcerated at Southern Regional Jail (SRJ) in Beaver, West Virginia, from 2003 until 2006, Defendant Hanson, a retired corrections officer at SRJ, subjected him to cruel and unusual punishment when he burnt Plaintiff's eyes with a cigarette lighter. Furthermore, Plaintiff alleges that the other Defendants named in his Complaint subsequently did not provide adequate medical treatment for his injury, in violation of his constitutional rights.[2]

After Plaintiff's application to proceed without prepayment of fees was granted, Defendants all filed motions to dismiss, or in the alternative, for summary judgment. Defendants argue, *inter alia*, that Plaintiff's claims should be dismissed because he failed to exhaust his administrative

---

[1] Plaintiff is currently a prisoner in confinement at the Mount Olive Correctional Complex, in Mount Olive, West Virginia.

[2] The remaining defendants include, J.D. Huppenthal, Administrator of SRJ, PrimeCare Medical of West Virginia, Inc., an entity which contracts with the West Virginia Regional Jail and Correctional Facility Authority to provide health services of the regional jails in West Virginia, including SRJ, Kim Browning, head nurse at SRJ and medical contract administrator, also known as health services administrator, and the West Virginia Regional Jail and Correctional Facility Authority.

remedies. Plaintiff responded to Defendants' motions by arguing that he indeed satisfied the requirements of exhaustion by filing a medical request and grievance on March 7, 2006, which he contends was not addressed by Defendant Huppenthal, but rather was improperly responded to by Defendant Browning.[3] (*See* Docket 22 at 6,15.) Therefore, according to Plaintiff, he exhausted all remedies "available" to him.

After reviewing the record and considering the parties' arguments, Magistrate Judge VanDervort agreed with Defendants, concluded that Plaintiff did not exhaust his administrative remedies prior to filing the instant action, and recommended that this Court find the same.

## II. OBJECTIONS TO THE PF&R

Plaintiff objects to the magistrate judge's proposed finding that he failed to exhaust his administrative remedies and contends that he exhausted all remedies "available" to him because his grievance dated March 7, 2006, was "intercepted" by Defendant Browning and not answered by Defendant Huppenthal.

In order to prevail on their affirmative defense of failure to exhaust administrative remedies, Defendants must show that Plaintiff failed to exhaust all the administrative remedies that were "available" to him. *See* 42 U.S.C. § 1997e(a); *Days v. Johnson*, 322 F.3d 863 (5th Cir. 2003) (defining available as "immediately utilizable, 'and that is accessible or may be obtained: *personally obtainable*'"). Under certain circumstances, "[a] prisoner's failure to exhaust . . . can be excused if the defendants' actions estop them from presenting the failure to exhaust as a defense, . . . or their

---

[3] The Court notes that Plaintiff's responses to Defendants' motions to dismiss, or in the alternative, for summary judgment have been docketed as motions for summary judgment [Dockets 22 and 23]. Although the Court has considered the arguments contained therein, for administrative purposes, it **DENIES** those motions.

actions render grievance procedures *de facto* unavailable." *Ruggiero v. County of Orange*, 467 F.3d 170, 178 (2d Cir. 2006) (citations omitted). For example, and relevant to this case, in *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002), the court held that administrative remedies are deemed exhausted when prison officials *fail to respond to inmate grievances*. *See also Foulk v. Charrier*, 262 F.3d 687, 698 (8th Cir. 2001); *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999).

Relying on the court's language in *Lewis*, Plaintiff asserts that he exhausted all available remedies because Defendant Huppenthal did not respond to his grievance.[4] The Court finds Plaintiff's argument unpersuasive. Although Defendant Huppenthal did not personally provide the response to Plaintiff's grievance, Defendant Browning, who is the health services administrator at SRJ, clearly addressed his grievance and specifically stated its disposition. (*See* Docket 22 at 15.) Thus, as in *Lewis*, Defendants in this case did in fact respond to Plaintiff's grievance. 300 F.3d at 833 ("Thus, because [plaintiff] received a response to his . . . grievance, administrative remedies were available . . . ."). If Plaintiff was dissatisfied with Defendant Browning's decision and disposition, then, in order to exhaust his remedies fully, he needed to appeal her decision to the Chief of Operations. (*See* Docket 12-2 at 4, ex. 3.) Plaintiff failed to do so and, as the PF&R notes, he does not allege any act on the part of Defendants that actually prevented him from appealing Defendant Browning's decision. *See Dale v. Lappin*, 367 F.3d 652, 656 (7th Cir. 2004).

---

[4] In his objections, Plaintiff also argues that Defendants should be equitably estopped from asserting failure to exhaust as a defense. To establish equitable estoppel, Plaintiff would have to show a misrepresentation on the part of Defendants. However, as was the case in *Lewis*, Defendants here did not take any action that amounts to affirmative misconduct. 300 F.3d at 834-35. Accordingly, Plaintiff's argument is without merit.

4

Thus, the Court **FINDS** that Defendants adequately addressed Plaintiff's grievance. However, because Plaintiff did not appeal that decision, he failed to exhaust all available administrate remedies. Accordingly, Plaintiff's objections are **OVERRULED**.

### III. PLAINTIFF'S MOTION TO STAY

After Plaintiff objected to the PF&R, he filed a Motion to Stay [Docket 37]. As the basis for the stay, Plaintiff refers to the circumstances surrounding his underlying conviction. Because those circumstances are completely irrelevant to this § 1983 proceeding, the Court **DENIES** his motion [Docket 37].

### IV. CONCLUSION

Having reviewed the PF&R filed by Magistrate Judge VanDervort, the Court **ADOPTS** the findings and recommendations contained therein and **OVERRULES** Plaintiff's objections. Accordingly, the Court hereby **GRANTS** Defendants' Motions to Dismiss, or in the Alternative, for Summary Judgment [Dockets 12, 16, and 18], **DENIES** Plaintiff's Motions for Summary Judgment [Dockets 22 and 23], and **DENIES** Plaintiff's Motion to Stay [Docket 37]. A judgment order will be entered this day implementing the rulings contained herein.

ENTER: March 27, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE